FILED

12/09/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0562

DA 24-0562

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 284N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

ISAAC JAMES TRIMBLE,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DC-24-337
Honorable Rienne H. McElyea, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Nicholas Miller, Avignone, Banick & Williams, Bozeman, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Carrie L. Garber, Assistant Attorney General, Helena, Montana

          Audrey Cromwell, Gallatin County Attorney, Henry Westesen, Deputy County Attorney, Bozeman, Montana

Submitted on Briefs:  October 15, 2025

Decided:  December 9, 2025

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Isaac James Trimble appeals from the Eighteenth Judicial District Court, Gallatin County's order affirming the Gallatin County Justice Court's denial of his motion to suppress evidence leading to his conviction for driving under the influence (DUI). Trimble argues that the Justice Court erred by finding that particularized suspicion supported expanding his traffic stop into a DUI investigation. We affirm.

¶3 On November 3, 2023, Sergeant Amundson was parked in a marked Highway Patrol vehicle on U.S. Highway 191 north of Big Sky in Gallatin County to provide prewarning for a tow truck that was recovering a previously crashed vehicle. Shortly after noon, Amundson observed Trimble's vehicle traveling northward at 72 miles per hour in the posted 60-miles-per-hour speed limit. Amundson activated his emergency lights and siren and pulled out to initiate a traffic stop. Amundson observed nothing unusual as Trimble stopped in the next available pullout. Road conditions in the canyon north of Big Sky had been icy earlier that day, but the road was wet at the time of the stop.

¶4 Amundson approached Trimble's vehicle on the driver's side and informed Trimble that he had been stopped for speeding. Amundson observed an odor of alcohol emanating from the vehicle and noticed that Trimble's eyes were bloodshot, glassy, and watery. While questioning him about his reason for speeding and his current contact information,

2

Amundson asked Trimble to speak louder and repeat part of his phone number. Amundson asked Trimble to exit his vehicle to determine whether the alcohol odor was coming from Trimble or from an open container. Amundson asked Trimble if he had consumed any alcohol in the past twenty-four hours, which Trimble unequivocally denied. Amundson told Trimble he was going to look at Trimble's eyes and asked if there was a reason for the odor of alcohol about the vehicle. Trimble initially responded, "No, sir," but then paused and stated, "Well . . ." while looking to the side. Trimble then affirmatively stated, "No," while nodding his head up and down.

¶5 Amundson initiated a series of field sobriety tests, which indicated that Trimble was under the influence. Trimble refused a preliminary breath test, after which Amundson arrested him and transported him to a hospital for a blood draw.[1]

¶6 Trimble was charged with one count of speeding, in violation of § 61-8-309(1), MCA, and one count of DUI, third offense, in violation of § 61-8-1002(1)(a), MCA.

¶7 Trimble moved to suppress all evidence gained after he exited his vehicle on the grounds that Amundson lacked particularized suspicion to expand the traffic stop into a DUI investigation. During the suppression hearing, Amundson testified that he asked Trimble to exit the vehicle partially due to the odor of alcohol emanating from the vehicle and Trimble's bloodshot, watery eyes, which are consistent with impairment according to his training. Amundson testified that he also based his request on his impression that Trimble seemed "a little confused and off" during their interaction and that Trimble did

---

[1] The results of any blood draw are not part of the record on appeal.

not immediately slow down when speeding past a marked Highway Patrol vehicle as an attentive driver normally would. In addition to Amundson's testimony, the Justice Court reviewed Amundson's dashcam video recording of the stop.

¶8 The Justice Court denied Trimble's motion to suppress, finding that Amundson had particularized suspicion that Trimble was driving under the influence. Pursuant to a plea agreement, Trimble pled guilty to an amended charge of DUI per se (first offense), in violation of § 61-8-1002(1)(b), MCA, and reserved his right to appeal the Justice Court's denial of his motion to suppress. The District Court affirmed the Justice Court's ruling, agreeing that Amundson had particularized suspicion to justify expanding the traffic stop into a DUI investigation.

¶9 When reviewing a justice court of record ruling, the district court "functions as an intermediate appellate court confined to review of the record and questions of law." *State v. Hoover*, 2017 MT 236, ¶ 12, 388 Mont. 533, 402 P.3d 1224. Upon appeal of a district court's appellate decision, we review the lower court ruling as if appealed directly to this Court. *Hoover*, ¶ 12. We review factual findings in a denial of a motion to suppress for clear error, and we review de novo whether the lower court correctly interpreted and applied the pertinent law to those facts. *State v. Loberg*, 2024 MT 188, ¶ 8, 418 Mont. 38, 554 P.3d 698. Findings of fact are clearly erroneous if not supported by substantial evidence, if the lower court misapprehended the effect of the evidence, or if this Court has a firm or definite conviction that the lower court was mistaken. *State v. Harning*, 2022 MT 61, ¶ 13, 408 Mont. 140, 507 P.3d 145. On appeal, this Court does not reweigh conflicting

evidence or substitute the lower court's evaluation of the evidence with our own. *State v. Wetzel*, 2005 MT 154, ¶ 11, 327 Mont. 413, 114 P.3d 269.

¶10 The Fourth Amendment to the United States Constitution and Article II, Section 11, of the Montana Constitution protect persons from unreasonable searches and seizures. *Harning*, ¶ 15. Brief investigatory stops, including traffic stops, are reasonable if law enforcement has a particularized suspicion that the vehicle occupant is or has been engaged in unlawful behavior. *State v. Wilson*, 2018 MT 268, ¶ 25, 393 Mont. 238, 430 P.3d 77 (citing § 46-5-401, MCA). Particularized suspicion requires "objective data from which an experienced police officer can make certain inferences and a resulting suspicion that the individual is or has been engaged in wrongdoing." *State v. Stevens*, 2019 MT 36, ¶ 12, 394 Mont. 278, 434 P.3d 904 (citing *Wilson*, ¶ 28). Determining particularized suspicion is a factual inquiry "determined by examining the totality of the circumstances" of the stop and considering "the quantity, substance, quality, and degree of reliability of information known to the officer." *Wilson*, ¶ 28 (citing *Hoover*, ¶ 17).

¶11 A stop "may not last longer than is necessary to effectuate the purpose of the stop." *State v. Schlichenmayer*, 2023 MT 79, ¶ 16, 412 Mont. 119, 529 P.3d 789 (quoting § 46-5-403, MCA). Law enforcement may prolong a stop and broaden the scope of investigation only "if the investigation remains within the limits created by the facts and the suspicions from which they arose." *Wilson*, ¶ 25. "If, while investigating the reason for the initial stop, the officer gains particularized suspicion that additional crimes are being committed" based on "additional objective data of wrongdoing," the officer may investigate those additional crimes. *Schlichenmayer*, ¶ 16 (citations omitted). A traffic

5

stop can lawfully expand into a DUI investigation if the officer shows additional objective data supporting a particularized suspicion that the driver was under the influence of alcohol. *Hulse v. State of Mont., Dep't of Just., Motor Vehicle Div.*, 1998 MT 108, ¶¶ 40-41, 289 Mont. 1, 961 P.2d 75.

¶12 Trimble argues that Amundson lacked particularized suspicion to justify expanding the initial stop for speeding into a DUI investigation. Trimble contends that because none of Amundson's observations indicated actual impairment and a litany of other signs of impairment were absent, Amundson initiated field sobriety tests based on an "undeveloped hunch." *Hoover*, ¶ 18 (citing *Illinois v. Wardlow*, 528 U.S. 119, 123-24, 120 S. Ct. 673, 676 (2000)).

¶13 Amundson was required to identify "specific and articulable facts which, taken together with reasonable inferences from those facts, reasonably warrant the intrusion"; he was not required to satisfy a checklist of factors. *State v. Rodriguez*, 2011 MT 36, ¶ 18, 359 Mont. 281, 248 P.3d 850 (quoting *Brown v. State*, 2009 MT 64, ¶ 22, 349 Mont. 408, 203 P.3d 842). Substantial evidence in the hearing record supports the Justice Court's finding of particularized suspicion. Amundson testified that his suspicion was based on the following specific and articulable facts: the odor of alcohol emanating from Trimble's vehicle, his bloodshot and watery eyes, Trimble seeming "a little confused and off," and Trimble's unusual delay in slowing down when passing the marked patrol vehicle. *See Rodriguez*, ¶ 18. The Justice Court correctly considered these observations to be objective data of driving under the influence, even if each factor alone may not have demonstrated impairment. *See, e.g., State v. Flynn*, 2024 MT 236, ¶¶ 4, 22, 418 Mont. 331, 557 P.3d 934

6

(alcohol odor from vehicle and driver's bloodshot, glossy eyes); *Brown*, ¶ 23 (alcohol odor from vehicle); *Brunette v. State*, 2016 MT 128, ¶ 32, 383 Mont. 458, 372 P.3d 476 (red, watery eyes); *State v. Nelson*, 2004 MT 13, ¶¶ 4, 9, 319 Mont. 250, 84 P.3d 25 (driver appearing confused); *State v. Brander*, 2004 MT 150, ¶¶ 6-7, 321 Mont. 484, 92 P.3d 1173 (aberrant, but legal, driving behavior). Considering the totality of the circumstances Amundson observed before asking Trimble to exit his vehicle, Amundson could reasonably infer that Trimble was driving under the influence of alcohol. *See Schlichenmayer*, ¶ 16; *Rodriguez*, ¶ 18.

¶14 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The Justice Court's findings of fact were not clearly erroneous and the Justice Court's interpretation and application of the law to those facts were correct. We affirm.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ LAURIE McKINNON
/S/ KATHERINE M. BIDEGARAY
/S/ INGRID GUSTAFSON
/S/ JIM RICE

7